584

Commonwealth *v.* Passarella.

Argued December 8, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Jerrold D. Harris,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Atorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Lawrence F. Flick,* with him *Menin, Flick & Wilson,* for appellee.

OPINION BY JUDGE MENCER, February 26, 1973:

On August 12, 1971, a police officer discovered James A. Passarella (appellee) behind the wheel of a car which had just been in an accident. Appellee had to be helped from the car; he had difficulty keeping his eyes open; he had to be supported because he could not stand by himself; he had difficulty speaking without slurring his words; and he had a strong smell of alcohol about him. Other individuals in the vehicle seemed to be in a similar inebriated state.

Appellee was then taken to Lankenau Hospital where he was examined and then released. He was then charged with a violation of Section 1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1037, and taken to the Lower Merion Township Police Station where he was asked to take a breathalyzer test. He refused this and was then asked to consent to a blood test, which he also refused. As a result, pursuant to Section 624.1(a) of The Vehicle Code, 75 P.S. §624.1(a), the Secretary suspended appellee's operator's license for six months. The Commonwealth has appealed an order of the Court of Common Pleas of Montgomery County sustaining appellee's appeal of the suspension.

At the hearing, appellee testified that he had no recollection of the events surrounding the accident and did not recall being asked to take the chemical tests, evidently because of a blow to his head in the accident.

Over the objection of counsel for the Commonwealth, one Herbert F. Holmes, who operates an independent service of producing hospital records in court for ten hospitals (including Lankenau), testified that the "diagnosis" of appellee's "record" stated "multiple abrasions, *possible* cerebral concussion." (Emphasis added.) The Commonwealth's objection was that Holmes lacked the necessary qualifications to testify about such records and, additionally, failed to testify to the mode of the record's preparation as required by Section 91(b) of the Uniform Business Records as Evidence Act, Act of May 4, 1939, P. L. 42, No. 35, 28 P.S. §91(b).

The lower court concluded that "[i]t is clear from the evidence in this case that the defendant had suffered a cerebral concussion, the effect of which persisted for several hours, and which rendered [appellee] incapable of making conscious, knowing decisions and replies to questions. . . . There being no wilful refusal to undergo a chemical test in this case, it follows that the license suspension was improper."

Our duty is to examine the testimony to determine whether the findings of the court are supported by competent evidence, and to correct conclusions of law erroneously made. *Commonwealth v. Buffin,* 2 Pa. Commonwealth Ct. 404, 278 A. 2d 366 (1971); *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

The record reveals the following testimony of the arresting officer: "Upon his release from the hospital, I transported Mr. Passarella to the lockup . . . he was asked if he would consent to take a Sobermeter test, and it was explained to him that all he had to do was blow up a balloon. At this point he refused to blow up the balloon, and when asked again if he would consent to a blood test, he also refused this. He was again advised of his rights, and he chose to remain silent. . . . Also while in the lockup he was asked certain ques-

tions on the Alcohol Performance Report form, in which he refused to answer any questions asked him at that time."

The arresting officer continued by saying that from his observation he did not observe anything about the condition of appellee that would indicate that his refusal to answer the questions was as a result of injuries suffered in the accident.

We have said, in *Commonwealth v. Gallagher*, 3 Pa. Commonwealth Ct. 371, 374, 283 A. 2d 508, 509-10 (1971), that "Section 624.1 and its precursors from other jurisdictions were intended to supply scientific, physiological proof of the presence or absence of the influence of intoxicants . . . thus [providing] means of accounting for aberrant behavior otherwise than as symptomatic of the inevitable blow on the head."

Had appellee consented to either a breath or blood test his aberrant behavior could more accurately be ascribed to a blow on the head or to simple intoxication. The basic purpose of Section 624.1 would have been fulfilled.

We must conclude, after a careful examination of the record, that the evidence presented does not support the conclusion that appellee suffered from a concussion and was therefore incapable of making a conscious, knowing refusal to either chemical test. On the contrary, it would seem that appellee had sufficient control of his faculties to be able to refuse unequivocally both chemical tests and to refuse to answer questions for a routine report.

No medical doctor testified that appellee suffered an actual concussion; no medical evidence was introduced as to what effects such a concussion would have had on appellee after he was released from the hospital. Testimony as to appellee's medical "record" were of doubtful validity and merely indicated that a "possible" concussion occurred. As said in *Commonwealth v. Har-*

*ris,* 351 Pa. 325, 330, 41 A. 2d 688, 691 (1945), *quoted in Scannella v. Salerno Importing Co.,* 2 Pa. Commonwealth Ct. 11, 15, 275 A. 2d 907, 909 (1971) : "Certainly *every* 'act, condition or event' which some hospital physician places in a hospital record does not *ipso facto* become competent when later an issue is being judicially tried to which such fact would be relevant *if proved by competent testimony.*" (Emphasis in original.)

The order of the Court of Common Pleas of Montgomery County is reversed, and the order of the Secretary of Transportation is reinstated.