Stephen M. Cohen, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, April 11, 1980, to Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Alvin Freiberg,* with him *David B. Comroe, Robinson, Greenberg and Lipman,* for appellant.

*Morris Levin,* with him *Harold H. Cramer,* Assistant Attorneys General, *Ward T. Williams,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 14, 1980:

The very narrow issue presented in this appeal from the trial court's dismissing appellant's appeal from a suspension of his operating privileges for failure to submit to a breathalyzer test is a factual one—does the record support the finding that appellant's refusal was conscious and knowing. It is appellant's position that he was so under the influence of a "small portion of wine" imbibed at an office party, combined with medication, that he was incapable of knowingly making a willful refusal. We disagree and affirm.

The law applicable to this situation is ably set forth by Judge MENCER in *Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A.2d 844 (1973) and by Judge BROWN in his opinion in this case,

filed in Montgomery County Court of Common Pleas to No. 78-21644 in the Civil Division, making it unnecessary to repeat it here. No one doubts that questions of credibility and selecting between conflicting evidence are matters for the trial court. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

Quite apart from the credibility of appellant's testimony, the following testimony of the arresting officer would support the trial court's decision. On cross-examination—

Q. All right. Now, this man was not in good condition, was he, during that entire time?

A. He was—he seemed coherent, knew what we were talking about.

Accordingly, we will enter the following

## ORDER

AND Now, May 14, 1980, the order of the Court of Common Pleas of Montgomery County, Civil Division, entered February 2, 1979 at No. 78-21644, dismissing the appeal and reinstating the suspension of the operating privileges of Stephen M. Cohen for a period of six (6) months is affirmed.