**Shearer v. Commonwealth**

*John D. Finnegan*, for appellant.
*David W. Murphy*, for Commonwealth.

STAISEY, *J.*, August 19, 1980—Robert W. Shearer appeals to this court from the order of Pennsylvania Department of Transportation dated May 27, 1980, suspending his motor vehicle operating privileges for a period of six months pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S.A. Section 1547(b), for refusing to comply with a police officer's request to submit to a breathalyzer test. Having conducted a de novo hearing as we are required to do under Section 1550 of the Vehicle Code, 75 Pa.C.S.A. § 1550. We affirm the suspension.

In his appeal, Shearer raises five contentions as grounds for reversal of his suspension: (1) that he was not properly and knowingly placed under arrest; (2) that he was not fully informed of his constitutional rights by the police at the time of his arrest; (3) that the Commonwealth failed to establish that he had consumed any alcoholic beverages prior to the incident in question; (4) that the Commonwealth failed to prove that he had knowingly and consciously refused to take the test; and (5) that he was physically incapable of making a knowing and conscious refusal to take the breathalyzer test as a result of head injuries allegedly sustained by defendant in the accident immediately preceding his arrest. For reasons hereinafter set forth, we find no merit in any of these contentions.

In order for a suspension for refusal to submit to a chemical test of breath or blood to be sustained, the Department must prove: (1) that a driver was placed under arrest upon the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe defendant was driving while intoxicated; (2) that he was requested to submit to a breathalyzer test; (3) that he was warned that a suspension or revocation of his license would follow from a refusal to submit to the test and (4) that he refused to do so: Herring v. Com. of Pennsylvania, 50 Pa. Commonwealth Ct. 608, 413 A. 2d 1171 (1980); Department of Transportation, Bureau of Traffic Safety v. Quinlan, 47 Pa. Commonwealth Ct. 214,408 A. 2d 173 (1979).

The refusal to submit to a breathalyzer test is a factual, and not a legal determination, Com. v. Miles, 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973) and questions of credibility and the resolution of testimonial conflicts are for the court which hears the testimony: McMahon v. Com., 39 Pa. Commonwealth Ct. 260, 395 A. 2d 318 (1978). In the case at hand, Police Officer Ronald Myers of the Plum Borough Police Department testified that on May 8, 1980, at about 7:29 p.m., he was called upon to investigate a motor vehicle collision occurring on Saltsburg Road within the municipality of Plum. Upon his arrival at the accident scene, Officer Myers observed two vehicles which had collided at a sharp curve in the aforesaid roadway. In the course of his investigation, Officer Myers had occasion to speak with Shearer who identified himself as the operator of one of the vehicles involved in the incident in question. At that time, according to Officer Myers, he observed that Shearer's complexion was flushed and that Shearer spoke in a slurred manner. Officer Myers further testified that he de-

tected a "strong" odor of alcohol on Shearer's breath and that he observed Shearer to be swaying and staggering. Myers testified that, based upon these observations, he placed Shearer under arrest at the scene for driving under the influence of alcohol and transported him to the Plum Borough Police Station where Shearer was advised by Myers and two fellow police officers, who were also present, of his right to refuse the test and of the fact that such a refusal "would" result in the suspension of his operating privileges. At that time, Myers requested Shearer to blow into the breathalyzer and he refused.

While the testimony of Officer Myers was very positive and straightforward, defendant Shearer's recollection of the events in question was vague and unconvincing. In fact, when cross-examined by the Commonwealth's attorney, Shearer readily conceded that he was unable to remember "a good deal of that evening." Nevertheless, Shearer readily acknowledged his operation of the vehicle and involvement in the accident in question. According to Shearer, he had attended an apprentice training program for operating engineers in a neighboring county from 8:00 a.m., to 4:30 p.m., on the date in question and was en route to his home at the time of the accident. Although Shearer states that he made no stops nor consumed any alcoholic beverages between the time he departed the site of the training program and the site of the accident, no explanation is given as to the passage of an inordinate amount of time in the interim. Shearer additionally stated that he did not recall specifically being advised that he was being placed under arrest for driving under the influence of alcohol.

Having found the testimony of Officer Myers to be the more credible, it is clear that the Common-

wealth sustained its four prong burden as set forth in Herring v. Com. of Pennsylvania, supra., and its progeny. In this regard, we must note that defendant's contention that the Commonwealth failed to establish that he had consumed any alcoholic beverages prior to the incident in question is wholly irrelevant to this proceeding. As was so aptly stated by Judge Mencer in Department of Transportation, Bureau of Traffic Safety v. Dreisbach, 26 Pa. Commonwealth Ct. 201, 205, 363 A. 2d 870, 872 (1976):

"The only valid inquiry on this issue . . . is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. Thus, it is not relevant that the motorist later, at the time of trial, can establish a cause other than intoxication for such observed behavior as slurred speech or an unsteady gait. At trial, the only relevant factual defense would be a showing that the motorist's behavior was not, in fact, as the officer testified." (Footnote omitted.)

Applying this standard to the instant facts, it is clear that Officer Myers acted upon a reasonable belief that Shearer was operating his vehicle under the influence of intoxicating liquor.

The Commonwealth having proved the above elements, the burden of proof then shifted to Shearer to prove that he was physically incapable of making a knowing and conscious refusal to take the breathalyzer test: Com. v. Passarella, 7 Pa. Commonwealth Ct. 584, 300 A. 2d 844 (1973). In this regard, Shearer testified that he had banged his head rather hard on the roof of his truck that

night. Additionally, Shearer offered, without objection, a copy of the Emergency Department Record dated May 9, 1980, from the East Suburban Health Center which indicates little more than the fact that on the day following the accident, Shearer went to the hospital complaining of body aches and injury to his head and was subsequently x-rayed, treated and released within a few hours. The question of whether a driver is incapable of making a knowing and conscious refusal is a question of fact for the factfinder: Herring v. Com. of Pennsylvania, supra. Based upon the evidence presented for our consideration, we conclude that the evidence presented does not support the conclusion that any blow to the head rendered Shearer incapable of making conscious, knowing decisions. In this regard, we believe the recent opinion of the Commonwealth Court in Com. of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Dauer, 52 Pa. Commonwealth Ct. 571, 416 A. 2d 113 (1980) (No. 551 C.D. 1979) to be controlling of the instant controversy. In that case, Judge Wilkinson reversed the finding of the court below that Dauer was incapable of making a conscious and knowing refusal to submit to a breathalyzer test stating as follows:

". . . As in Commonwealth v. Passarella, 7 Pa. Cmwlth. 584, 300 A. 2d 844 (1973), no medical testimony as to whether appellee suffered a concussion *or as to what effects a severe blow to appellee's head would have had on him was introduced.* We note that a driver's simple declaration that he is physically unable to perform a chemical test, without supportive medical proof of his incapacity, will not justify a refusal (Citations omitted) (Emphasis added).

In the case at bar, Shearer had offered absolutely no competent medical evidence to establish what effect, if any, his alleged physical injuries would have on his ability to make a knowing refusal. Further, the evidence indicates that Shearer refused medical assistance or treatment at the accident scene. For the foregoing reasons, we must, therefore, reject defendant's testimony that he suffered from an incapacity to render a knowing refusal.

An appropriate order has been entered.

## ORDER

And now, August 19, 1980 the above appeal having come on for hearing, upon consideration thereof, it is hereby ordered that the appeal of defendant is dismissed.