Timothy W. Rukavina, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Vincent J. Morocco, Redlich, Cassol, Redlich & Morocco,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 3, 1981:

This is an appeal by Timothy W. Rukavina (appellant) from an order of the Court of Common Pleas of Westmoreland County upholding a six-month suspension of his driver's license for refusal to submit to a breathalyzer test.[1]

---

[1] Section 624.1 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended,* formerly 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

On January 3, 1977, the appellant, while driving his car, leaned out of the window and used profane language after a police officer had attempted to flag him down, and then drove away at high speed. The officer gave chase, stopped the vehicle and continued pursuit of the appellant on foot until he was apprehended and handcuffed, at which time the appellant shouted that his wife was in labor. The officer immediately went to the appellant's home, which was nearby, found that his wife was not in labor and subsequently transported the appellant to the state police barracks. The officer testified that he was assisting the operator of the breathalyzer when the appellant was asked, and three times attempted, to take the breathalyzer test and then refused to submit to any further testing. The officer's opinion was that the appellant was trying to blow around the mouthpiece of the equipment, rather than into the machine and that he did not make a good faith effort to take the test. The appellant admitted the events which preceded his arrival at the police barracks, but felt that he cooperated in attempting to take the breathalyzer examination.

The appellant objects that the lower court's conclusion as to his refusal to take the breathalyzer test was based solely on the opinion of the police officer whose testimony was unreliable inasmuch as he admittedly was not certified as a breathalyzer operator.

Where, as here, there has been a de novo hearing by the lower court, we will overturn the order of that court only in the event of a showing that necessary findings of fact were unsupported by sufficient competent evidence or that an error of law was committed. *Bureau of Traffic Safety v. Williams*, 28 Pa. Commonwealth Ct. 95, 367 A.2d 745 (1977). There has been no such showing here. The officer need not have been certified as a breathalyzer operator in order to

438

give his opinion that the appellant had refused to take the test. The record indicates that his conclusion was based on his experience in assisting at 15 to 20 such tests and was an evaluation of the conduct and the demeanor of the appellant, not an evaluation of the machine's operation. Moreover, there is extensive evidence in the record that the appellant's attitude toward the officers was belligerent and uncooperative and this corroborates the officer's opinion. We will, therefore, defer to the assessment of the lower court as to the credibility of the witnesses and the weight of the evidence, *Cohen v. Department of Transportation, Bureau of Traffic Safety*, 51 Pa. Commonwealth Ct. 347, 414 A.2d 740 (1980), and we will affirm its decision.

ORDER

AND, Now, this 3rd day of February, 1981, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.