## In Re: Appeal from Suspension of Motor Vehicle Privileges of Earl E. Lyons

*David R. Dautrich,* for petitioner.

*J. Matthew Wolfe,* Assistant council, for the Pennsylvania Department of Transportation.

LIEBERMAN, *J.,* February 20, 1985—Earl E. Lyons petitioned for a hearing and appeal from the suspension of his motor vehicle operating privileges

for one year. Said hearing was held on October 23, 1984.

## FACTS

On June 4, 1984, Officer Steven E. Houp of the Reading Police Department observed a vehicle traveling the wrong way down a one-way street. Officer Houp stopped the vehicle. Upon doing so, he determined it had been operated by Earl E. Lyons (hereinafter petitioner). Officer Houp then noted petitioner's breath smelled of alcohol, his face was flushed, his eyes were watery and he was having difficulty walking. Officer Houp then arrested petitioner for violation of 75 Pa.C.S. §3731 (driving under the influence of alcohol) and brought him to the police station.

At the police station, Officer Houp asked petitioner to submit to a breath test in order to determine his blood alcohol level. At this time Officer Houp informed petitioner that if he chose not to submit to said test, his driving privileges would be suspended. Officer Houp made no mention regarding the length of time of the suspension. Petitioner refused to take the test. Officer Houp repeated his request and warning. Petitioner again refused to take the test.

After twice refusing to take a breathalyzer test, Officer Houp and other members of the Reading Police Department spoke with petitioner regarding his right to call an attorney. Petitioner identified his attorney. A member of the Reading Police Department located this attorney's telephone number in the Reading Telephone Directory. Neither the police nor petitioner called the attorney in question at that time.

Officer Houp again offered petitioner an opportunity to take the breath test and warned him of the

consequences refusal would bring. Petitioner again refused to take the test. Petitioner was never taken to or confronted with the breath testing equipment.

At the hearing, petitioner testified that he was suffering from left-sided weakness and partial paralysis at the time of his arrest. These physical problems, according to petitioner's testimony, were the result of a right-sided cerebrovascular accident. He further testified that at the time of the incidents out of which this case arises, he experienced a sudden blindness in one eye, and that he had the same sensations he experienced during his previous cerebrovascular accident. Petitioner contends that due to his illness, he was physically unable to take the breath test and was incapable of making a knowing and conscience refusal to do so.

## ISSUES

Petitioner in the present case raises four issues to be disposed of by this court.

(1) Was petitioner physically unable to take the breath test and incapable of making a knowing and conscience refusal to take said test due to his physical condition?

(2) Was the police officer required to inform petitioner as to the time length of a license suspension, for failure to submit to a breathalyzer test in compliance with 75 Pa.C.S. §1547?

(3) Should the police have taken the petitioner to or confronted him with the breath testing equipment before concluding he had refused to take the breath test?

(4) Should the police have called petitioner's attorney for him, or induced petitioner to do so for himself?

## DISPOSITION

The above issues are disposed of as follows:

(1) Petitioner failed to establish that he was unable to submit to a breath test or that he was incapable of a knowing and conscience refusal to do so due to his physical condition.

Once the Commonwealth has shown that a party, properly arrested under 1547(a)(1) of the Vehicle Code, refused upon arrest to take a breath test, the burden of proving that he was unable to take the test or that he was incapable of a conscience or knowing refusal is on the party claiming the inability. Commonwealth of Pennsylvania, Dept. of Transportation v. Baily, 36 Pa. Commw. 643, 388 A.2d 1133 (1978). Petitioner's bare assertion, that he was physically impaired, is clearly insufficient to meet his burden of proof. The Commonwealth Court has ruled in similar cases, that the competent evidence necessary to sustain proof of a physical impairment, such as that averred by the petitioner, must be expert medical testimony. See Commonwealth of Pennsylvania, Dept. of Transportation, Bureau of Traffic Safety v. Hanes, 49 Pa. Commw. 407, 411 A.2d 571 (1980), Commonwealth of Pennsylvania, Dept. of Transportation, Bureau of Traffic Safety v. Kelly, 18 Pa. Commw. 490, 335 A.2d 882 (1975) and Commonwealth of Pennsylvania, Dept. of Transportation, Bureau of Traffic Safety v. Passarella, 7 Pa. Commw. 584, 300 A.2d 844 (1973).

(2) The police officer was not required to inform the petitioner as to the time length of a license suspension imposed for failure to submit to a breath test in compliance with section 1547 of the Vehicle Code.

In Commonwealth of Pennsylvania, Dept. of Transportation, Bureau of Traffic Safety v. Senwell,

68 Pa. Commw. 605, 450 A.2d 235 (1982), the court ruled that section 1547. supra, does not require a police officer to warn a motorist as to the length of the motorist's license suspension, when informing the motorist of the consequences of a failure to submit to a breath test.

(3) The police were under no obligation to bring petitioner to or confront him with the breath testing equipment. Neither statutory nor case law in Pennsylvania requires the police to transport to or confront with a breathalyzer machine a motorist who has unambiguously refused to take the test when first requested to do so.

The case cited by petitioner, Commonwealth of Pennsylvania, Dept. of Transportation, Bureau of Traffic Safety v. Guarino, 19 Pa. Commw. 104, 339 A.2d 861 (1975), for the proposition that such a confrontation is necessary, is clearly distinguishable from this case. In Guarino, supra, defendant stood mute from the time of his arrest. At no time did he refuse to take the breath test. The court ruled that the assumption on the part of the police officers involved, i.e., that defendant's silence constituted a refusal, was not legally supportable and that in the particular circumstances presented, defendant should have been confronted with the testing equipment.

In the present case, petitioner refused to take the breath test several times. This is not a case of refusal in futuro as is Guarino, but a case of clear-cut unambiguous refusal.

(4) The police department was not initially obligated to allow petitioner to call an attorney nor did they later incur an obligation to make the call for him nor did they incur an obligation to induce petitioner to make such a call. There is no right, either constitutional or statutory, requiring that motorist

be allowed to call an attorney before deciding whether or not to take a breathalyzer test. Commonwealth of Pennsylvania v. Morris, 218 Pa. Super. 347, 280 A.2d 658 (1971).

Petitioner's contention that some action by the police caused the police to incur the obligation to either call petitioner's attorney for him or somehow induce petitioner to make the call himself, is totally without legal or factual foundation.

For the above stated reasons, we enter the following

## ORDER

February 20, 1985, it is ordered that the appeal of the suspension of the driving privileges of Earl E. Lyons is denied.