511 A.2d 939

Jeffrey Stephen Pothier, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs April 8, 1986, to Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Stephen A. Durham, Nilon, Paul* & *Mardinly,* for appellant.

*J. Matthew Wolfe,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, July 9, 1986:

Appellant, Jeffrey Stephen Pothier, appeals a decision of the Court of Common Pleas of Delaware County which affirmed the Department of Transportation's suspension of his driver's license because he refused to take a breathalyzer test. We affirm.

Appellant was involved in an automobile accident. He contends that he received such head injuries when he struck the windshield, that he could not give an intelligent and voluntary refusal to the request to take the breathalyzer test. He had been treated at the hospital. The arresting officer testified that appellant had no visible signs of an injury. Appellant testified that he went to the hospital and "the doctor who examined me said . . . ," at which point the court sustained an objection as to

what the doctor said, as hearsay evidence and not admissible. Whereupon, counsel for appellant said, "I have a medical record . . . ," which admission into evidence was also objected to as hearsay and sustained by the court. No medical evidence was presented. Appellant contends that the court erred in not admitting the hospital reports into evidence.

Once the Commonwealth had shown that appellant refused to take the test, the burden shifted to appellant to show by competent evidence that he was physically incapable of a knowing and conscious refusal. *Department of Transportation v. Bailey,* 36 Pa. Commonwealth Ct. 643, 388 A.2d 1133 (1978). This is a factual and not a legal determination. *Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982).

While hospital records are an exception to the hearsay rule, and are admissible under section 6108 of the Uniform Business Records As Evidence Act, 42 Pa. C. S. §6108, only the fact of hospitalization, treatment prescribed and symptoms given are admissible as evidence. *Morris v. Moss,* 290 Pa. Superior Ct. 587, 435 A.2d 184 (1981). It is not necessary to show the identity of the maker or his personal knowledge of events. But where, as in this instance, the hospital record is offered to show the medical opinion as expert testimony, it is not admissible where the doctor is not available for cross-examination. *Commonwealth v. DiGiacomo,* 463 Pa. 449, 345 A.2d 605 (1975); *Platt v. John Hancock Mutual Life Insurance Co.,* 361 Pa. 652, 66 A.2d 266 (1949); *Jumper v. Jumper,* 240 Pa. Superior Ct. 99, 362 A.2d 411 (1976).

In *Fauceglia v. Harry,* 409 Pa. 155, 185 A.2d 598 (1962), the claimant came to the hospital complaining about back and neck pains. Upon his admission to the hospital, an x-ray was taken of his neck and back. This x-ray was admitted into evidence. The court said,

"These records were admitted in evidence for the purpose of proving that appellee complained of pains—not that he was in fact suffering from them. We are dealing with historical facts and not medical opinions. . . ." *Id.* at 162-63, 185 A.2d at 602.

In the instant case, appellant testified as to the fact that he went to the hospital, the treatment prescribed and the symptoms given. It appears from the record that appellant sought to introduce into evidence the examining physician's medical opinion, found in the hospital record. Thus, the trial court committed no error in refusing to admit the hospital record. Based on the evidence presented, the trial court was able to make a factual determination that appellant knowingly and consciously refused to submit to a breathalyzer test. Accordingly, we affirm.

ORDER

Now, July 9, 1986, the order of the Court of Common Pleas of Delaware County, No. 84-1468, dated April 30, 1984, is affirmed.