530 A.2d 1053

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* William Marion, Appellee.

. Submitted on briefs December 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Jay C. Waldman,* General Counsel, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Michael J. Cantwell, Jr.,* for appellee.

OPINION BY JUDGE BLATT, September 11, 1987:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Delaware County (trial court) which sustained the appeal of William Marion (licensee) from a DOT suspension of his operating privileges for a refusal to take a breathalyzer examination.

The trial court found that the licensee was arrested after a police officer observed his vehicle in a field. The arresting officer smelled alcohol on the licensee's breath and, therefore, gave the licensee a field sobriety test which the licensee had trouble completing. The licensee also had trouble standing; there was, however, a cane in the back seat of the licensee's car which the officer observed but did not question the licensee about. the licensee was taken to the police station and asked to submit to a breathalyzer examination. He agreed to take the test and the court specifically found that "[The licensee] attempted to submit to the test. He blew into the machine and for whatever reason, the machine did not operate properly." The trial court also found that the officer conducting the examination was unfamiliar with the particular machine he was operating and that the Commonwealth failed to show that the operator was qualified to operate the machine. Based upon its determination that the licensee had not refused the test and that the machine was not functioning properly, the trial court sustained the appeal. DOT's appeal to this Court ensued.

DOT argues that the trial court erred when it sustained the appeal upon the basis that the operator did not know how to operate the machine being utilized. It further asserts that the trial court erred in deciding that the failure to get a reading on the machine was based upon a machine malfunction. Finally, DOT asserts that

under Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a), a police officer can request more than one test.

DOT is correct when it argues that, where a licensee *refuses* to take a test, the competency of the breathalyzer machine operator is not an issue. *See e.g. Edmundson v. Commonwealth,* 38 Pa. Commonwealth Ct. 231, 392 A.2d 902 (1978). *Edmundson* and its progeny, however, involved situations where a licensee either refused to take a test or did not exert a "total conscious effort." *See e.g. Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982) (when the licensee blew into machine, air escaped from sides of mouth, and trial court found that the licensee did not exhibit "honest effort"); *accord Rukavina v. Commonwealth,* 56 Pa. Commonwealth Ct. 435, 425 A.2d 472 (1981). The trial court here, however, found that the licensee did not refuse the test or fail to make a total conscious effort, but that he took the test and that the machine was not working properly.

Next, DOT contends that it was error for the trial court to conclude that failure to get a reading on the machine was attributable to machine error. It bolsters its position by citing to record testimony that, after the licensee twice failed to supply sufficient breath, a police officer "tested" the machine and was able to supply sufficient breath to produce a reading. Again, DOT cites the law correctly but misapplies it to the facts. It is true that where one fails to supply sufficient breath he bears the burden to show that he was physically unable to do so. *See e.g. Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975). Here, however, there was no trial court finding that the licensee did not supply sufficient breath. Additionally, the licensee is not asserting a

physical inability to take the test; he is merely asserting that a broken machine failed to produce a reading. And, unlike *Department of Transportation, Bureau of Traffic Safety v. Hanes,* 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980) and *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978), both cited by DOT, this case involves, not only a situation where the licensee's breath sample did not register, but also a concomitant finding that the machine was not operating properly. Such a factual finding is solely within the trial court's province and we will not disturb it on appeal.

Finally, DOT argues that it has the right to demand repeated tests from a licensee. We note that this right has been severely curtailed by the Pennsylvania Supreme Court in *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987) (plurality opinion). We need not, however, delve into the niceties of multiple testing inasmuch as the trial court found that the licensee did not refuse to take the test the first time and, indeed, further indicated that the licensee did attempt to take the test the second time as well.

Based upon the foregoing, the order of the trial court is affirmed.

ORDER

AND NOW, this 11th day of September, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.