**B.E. Re G.M. Jr., Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1994.

Decided Feb. 2, 1995.

Susan M. Hill, for petitioner.

Anthony J. Lubis, for respondent.

Before COLINS, President Judge, NEWMAN, J., and NARICK, Senior Judge.

NEWMAN, Judge.

On behalf of B.E., B.E.'s mother appeals an order of the Department of Public Welfare (DPW) denying B.E.'s petition for the expungement of a child abuse report that accuses B.E. of abusing a four year-old child, G.M., Jr. We affirm DPW's denial of the expungement of this record.

On March 1, 1989, Luzerne County Children and Youth Services received a report of suspected child abuse by B.E., alleging B.E. held G.M., Jr. down and forced transformer toys into G.M., Jr.'s rectum on February 16, 1989. This alleged incident occurred in the home of G.M., Jr.'s father (G.M., Sr.) while G.M., Jr. was visiting his father during a weekend.[1] B.E.'s mother is now married to G.M., Jr.'s father and they share a residence.

After its investigation, Child Protective Services (CPS) filed an indicated report of child abuse on March 30, 1989. The CPS report noted that the "child experiences severe pain and continued to experience severe pain and rectal bleeding following the incident." Hearing Officer's Adjudication, dated April 21, 1994, Finding of Fact No. 7. G.M., Jr. repeated the allegations of this incident consistently on several different days to several different child services' personnel.

B.E.'s mother requested that the child abuse report be expunged; however, on July 16, 1991, DPW denied this request. On October 7, 1991, B.E.'s mother appealed this decision, and on April 23, 1992, a hearing was held before a DPW hearing officer. The hearing officer recommended that B.E.'s record of child abuse not be expunged. DPW adopted this recommendation on April 21, 1994. The instant appeal follows.

On appeal to this court[2] are the following issues: (1) whether DPW erred in failing to expunge the record of indicated child abuse because it was not based on substantial evidence; and (2) whether Luzerne County Children and Youth Services

failed to sustain its burden of proving that B.E. was a child abuse perpetrator as defined by statute.

B.E.'s mother initially argues that DPW should have expunged B.E.'s record of child abuse because the record was not based on substantial evidence. Specifically, B.E.'s mother asserts that the evidence produced at the agency hearing consisted solely of hearsay evidence. The Pennsylvania Supreme Court recently redefined the evidentiary standards for child abuse expungement hearings in *A.Y. v. Department of Public Welfare, Allegheny County Children and Youth Services:*

> Under the Commonwealth Administrative Agency Law: Commonwealth agencies shall not be bound by the technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received.... This statutory maxim has been correctly interpreted to mandate a relaxation of the strict rules of evidence in Agency hearings. To this end, hearsay evidence not otherwise admissible in a court proceeding can generally be received and considered by an administrative agency.

537 Pa. 116, 120, 641 A.2d 1148, 1150 (1994). *A.Y.* further provides that:

> Hearsay testimony in conjunction *with admissible corroborative evidence of the act(s) in question* can *in toto* constitute substantial evidence which will satisfy the Agency's burden to justify a conclusion of abuse.

*Id.* at 126, 641 A.2d at 1153 (emphasis added).

The evidence at the expungement hearing against B.E. consisted of the following: (1) testimony from Jacqulyn Maddon (Maddon), a Child Protective Services' intake supervisor; (2) G.M., Jr.'s emergency room records of March 6, 1989 from Berwick Hospital; (3) a note from G.M., Jr.'s physician dated Feb-

---

1. G.M., Jr.'s parents are divorced, and he visits his father on weekends.

2. On appeal from a final administrative order, our standard of review is limited to a determination of whether constitutional rights have been violated; legal error has been committed; or

necessary findings of fact have been supported by substantial evidence. *Dauphin County Social Services for Children and Youth v. Department of Public Welfare,* 117 Pa.Commonwealth Ct. 305, 543 A.2d 607 (1988).

ruary 28, 1989; and (4) an operation record from Berwick Hospital dated March 6, 1989.

■ During the hearing, Maddon testified as to the contents of CPS' report and to the procedure used to investigate and compile the report of child abuse against B.E. Because her testimony was hearsay, it must be supported with admissible corroborative evidence to satisfy the burden of substantial evidence.[3] *A.Y.* We conclude that both the emergency room report and the operation record dated March 6, 1989 from Berwick Hospital presented by Luzerne County Child Youth Services as exhibits provide the necessary admissible corroborative evidence to satisfy the burden of Luzerne County Children and Youth Service.

■ Under Section 6108 of the Uniform Business Records as Evidence Act, 42 Pa. C.S. § 6108,[4] hospital records are an exception to the hearsay rule of evidence, and are admissible to the extent that they show the facts of hospitalization, treatment prescribed, and symptoms given. *Pothier v. Department of Transportation,* 98 Pa.Commonwealth Ct. 571, 511 A.2d 939 (1986). The emergency room and operation records provide accounts of G.M., Jr.'s medical problems and the prescriptions and remedies administered to G.M., Jr. at Berwick Hospital. These records are corroborative of the events in question and *in toto* constitute substantial evidence to satisfy the burden of Luzerne County Children and Youth Services' burden. Thus, we conclude that Luzerne County Children and Youth Services met its burden of evidentiary proof according to the requirements of *A.Y.* Accordingly, we hold that

DPW did not err in its decision not to expunge B.E.'s record of child abuse.

■ B.E.'s mother also contends that DPW erred in not expunging B.E.'s record of child abuse because Luzerne County Children and Youth Services failed to prove that B.E.'s actions fall within the statutory definition of child abuse.[5] Because our review of the record reveals that B.E.'s mother failed to raise this issue before DPW's hearing officer, there is a waiver of this issue. Pa. R.A.P. 1551(a).

Accordingly, we affirm the decision of DPW.

### ORDER

AND NOW, February 2, 1995, we affirm the order of the Department of Public Welfare, dated April 21, 1994.

---

3. Appellee Luzerne County Child Youth Services argues that B.E.'s mother waived this issue. We find that this contention is erroneous, and this issue is not waived.

4. Section 6108 states:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method

and time of preparation were such as to justify its admission.
42 Pa.C.S. § 6108.

5. Child abuse is defined as:
serious physical or mental injury which is not explained by the available medical history as being accidental, or sexual abuse, or sexual exploitation, or serious physical neglect, of a child under 18 years of age, if the injury, abuse or neglect has been caused by the acts or omissions of the child's parents or by a person responsible for the child's welfare or an individual residing in the same home as the child, or a paramour of a child's parent.
55 Pa.Code § 3490.4.