**Robert Jacob LIGHT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1996.

Decided April 15, 1997.

Craig M. Kellerman, Norristown, for appellant.

Marc A. Werlinsky, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

Robert Jacob Light (Light) appeals from the March 27, 1996 order of the Court of Common Pleas of Montgomery County that denied Light's appeal of the one-year suspension of his motorist's license by the Department of Transportation, Bureau of Driver Licensing (DOT), because of his refusal to submit to a second chemical test pursuant to Section 1547(b)(1) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1547(b)(1). Light questions whether the trial court erred in determining that DOT established by sufficient evidence the legal justification for the request that Light submit to a second chemical test.

Light was arrested on February 25, 1994 for driving under the influence of alcohol. After being provided with the required warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989),[1] Light agreed to submit to a chemical breath test. Light provided two breath samples for analysis but refused to submit to a chemical blood test requested by the arresting officer. Thereafter, DOT notified Light that his license would be suspended for one year based upon his refusal to submit to chemical testing. Light appealed to the trial court, and a de novo hearing was held pursuant to Section 1550 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1550.

At the hearing, Light and DOT stipulated to facts pertaining to the propriety of the stop and the arrest. DOT presented the testimony of Officer Kennedy, the arresting officer, who testified that Corporal Kelly administered a chemical breath test to Light, that the breathalyzer machine malfunctioned and that, thereafter, Officer Kennedy requested Light to submit to a chemical blood test. Officer Kennedy also testified that on two occasions he explained to Light that the breathalyzer machine malfunctioned. Light testified that, although he provided two breath samples, he was not advised of their resultant readings and that he was requested to take a chemical blood test because Officer Kennedy told him that the breathalyzer machine did not work.

■ According to Light, a reasonable basis did not exist for Officer Kennedy's second chemical test request because Light had already complied with the first chemical test request. At the hearing Light objected to the admission of Officer Kennedy's testimony regarding the malfunctioning of the breathalyzer machine as hearsay testimony that was based upon statements made by Corporal Kelly, who was not present to testify. The trial court sustained the objection but subsequently admitted the hearsay testimony only for the limited purpose of establishing Officer Kennedy's state of mind when he requested Light to submit to a chemical blood test. The trial court concluded that Officer Kennedy's request for a second test was based upon his reasonable belief that the breathalyzer machine malfunctioned and that Light refused to submit to a valid request for chemical testing.[2]

---

1. In *O'Connell*, the Supreme Court held that an arresting officer has a duty to clarify to the licensee that the right to counsel and the right to remain silent contained in the *Miranda* warning does not apply to an officer's request to a licensee to submit to chemical testing.

2. In license suspension cases, this Court's scope of review of the trial court's order is limited to

Light argues that DOT did not present any evidence to demonstrate that the breathalyzer machine was inoperative, and Officer Kennedy's belief that the machine malfunctioned therefore is not supported by substantial evidence. Light contends that only Corporal Kelly could establish that the machine malfunctioned, thereby providing the foundation for the reasonableness of the second chemical test request; that DOT failed to present the breathalyzer machine printout or to establish that the machine was properly calibrated or that the operator was properly certified; and that Officer Kennedy's testimony regarding the malfunction is inadmissible hearsay.

■ In a license suspension proceeding, DOT bears the burden of proof. *Department of Transportation, Bureau of Driver Licensing v. Walsh,* 146 Pa.Cmwlth. 461, 606 A.2d 583 (1992). In *Walsh* the Court held that to support a license suspension based upon a licensee's refusal to submit to chemical testing, DOT must establish that the licensee (1) was arrested for driving under the influence of alcohol; (2) was requested to submit to a chemical test of breath, blood or urine; (3) refused to submit to the requested chemical test; and (4) was informed that a refusal would result in a license suspension.

DOT relies in part upon the Supreme Court's decision in *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), and this Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Harbaugh,* 141 Pa.Cmwlth. 288, 595 A.2d 715 (1991), to argue that this Court should affirm the trial court. DOT maintains that Officer Kennedy's request that Light submit to the blood test was reasonable because the breathalyzer readings from the first test were invalid and that DOT is not required to produce testimony from the machine operator or any other additional evidence to establish its burden of proof.[3]

■ Where a licensee has complied with the initial chemical test request and a police officer makes a second chemical test request, the police officer must offer sufficient evidence to establish that the second request was reasonable. A second chemical test may be proper where the first test was inconclusive due to faulty equipment or where the licensee failed to fully perform the requested test. *McFarren.* In rejecting DOT's arguments, the Supreme Court held in *McFarren* that the basis for the officer's request for the licensee to take a second test was not reasonable because it was made merely to substantiate the results of the first test. Moreover, the reasonableness of an officer's request for a second chemical test is a question of law which the trial court is to determine on a case-by-case basis. *Blair v. Commonwealth,* 115 Pa.Cmwlth. 293, 539 A.2d 958 (1988).

Light relies upon *Department of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987), and *Department of Transportation v. Marion,* 109 Pa.Cmwlth. 299, 530 A.2d 1053 (1987), to support the position advanced by him that a second chemical test request was unwarranted in this instance. In *Fellmeth* the trial court sustained the licensee's appeal, finding that he assented to take a valid and correct breathalyzer test and that he had performed his statutory duty. Deciding that the trial court's conclusions were consistent with *McFarren,* this Court affirmed the trial court decision on the basis that a malfunction in the printer component of the breathalyzer machine in generating the breath test results did not equate to a malfunction of the testing

---

determining whether the necessary findings of fact are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *Department of Transportation v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989); *Department of Transportation, Bureau of Driver Licensing v. Walsh,* 146 Pa. Cmwlth. 461, 606 A.2d 583 (1992).

3. The trial court admitted Officer Kennedy's hearsay testimony to reflect his state of mind in requesting that Light submit to a second chemical test. DOT claims that the trial court erred in originally sustaining Light's objection to the officer's hearsay testimony, and DOT cites *Menosky v. Commonwealth,* 121 Pa.Cmwlth. 464, 550 A.2d 1372 (1988), to support its view that the hearsay testimony is admissible over objection in order to explain the officer's conduct. *Menosky* involved an officer's arrest of a licensee based upon an anonymous phone call; the case did not involve the specific issues raised in this case and to that extent, *Menosky* does not end the inquiry as DOT urges the Court to do.

apparatus, and, as a result, the second request to submit to chemical testing was therefore invalid. The trial court made its findings based on testimony, inter alia, about the test printout, certification of the operator and calibration of the machine and observation of the test reading by officers present at the time.

In *Marion* the trial court sustained the licensee's appeal where the court found that the officer conducting the breathalyzer test was unfamiliar with the machine, and DOT failed to show that he was qualified to operate the machine. This Court acknowledged the established rules that where a licensee refuses to take a test, the breathalyzer operator's competency is not an issue and that where a licensee fails to supply sufficient breath, the licensee bears the burden to show a physical incapacity to give sufficient breath. Neither of these issues was presented in *Marion*, where the licensee complied with the officer's initial request to take a chemical test. Recognizing that the case involved a situation where the licensee's breath sample did not register and a finding by the trial court that the machine did not operate properly, this Court declined to disturb the trial court's fact finding authority and upheld its decision to sustain the licensee's appeal.

The case sub judice, similarly, does not involve a situation where the licensee refused to submit to the initial chemical test, nor does it involve the claim of incapacity to give sufficient breath. Rather it involves a situation where the arresting officer requested a chemical blood test after Light complied with the initial request for two breath samples. The arresting officer requested a blood test because of his belief that the breathalyzer malfunctioned, based upon statements made by the operator who did not testify, and Light refused the second request because he had complied with the first request. The Court is faced here with reviewing a

decision that does not include crucial findings as to whether the breathalyzer malfunctioned, giving rise to a valid and reasonable request for a second intrusion. *See McFarren.*

Cognizant of the ever-increasing burdens placed upon trial courts within the Commonwealth, the Court nevertheless is compelled to remand this case to the trial court to make findings as to whether the breathalyzer malfunctioned and to render a decision as to whether a valid and reasonable basis existed for the officer's request for Light to take a second chemical test after he complied with the officer's initial test request.[4] *McFarren; Marion.* Because of the foregoing discussion, the Court must vacate the trial court's order and remand this matter for further action.

### ORDER

AND NOW, this 15th day of April, 1997, the order of the Common Pleas Court of Montgomery County is hereby vacated, and this case is remanded to the court for additional findings and decision consistent with the foregoing opinion.

Jurisdiction relinquished.

RODGERS, Senior Judge, dissenting.

I respectfully dissent. In *Department of Transportation v. McFarren*, 514 Pa. 411, 417, 525 A.2d 1185, 1188 (1987), the court said:

> In order to justify a second intrusion, the police officer must establish circumstances which support the reasonableness of a second search....A second test may be proper if the first test was inconclusive due to faulty equipment or faulty performance by the individual....Accordingly, we hold that § 1547(a) authorizes a police officer to request a chemical test for alcohol provided that probable cause exists for the initial stop. If more than one test is requested,

---

**4.** Light claims that pursuant to *McFarren* and Article 1, § 8 of the Pennsylvania Constitution, he has a right to be free from unreasonable searches and seizures and that there is no "good faith" exception to this protection to allow the officer to conduct a second chemical test. Because of the remand of this case, it is unnecessary for the Court to respond to these points, other than to note that *Commonwealth v. Ed-*

*munds*, 526 Pa. 374, 586 A.2d 887 (1991), the case relied upon by Light, involved criminal proceedings in which a defendant must receive certain constitutional protections that are not required in wholly administrative civil license suspension proceedings. *See Fleetwood v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 1342 (Pa.Cmwlth.1996).

the police officer must offer sufficient evidence to establish the "reasonableness" of such a request.

In this case, the defendant, Light, stipulated the police officer had probable cause for the initial stop. Officer Kennedy, the arresting officer, testified he was informed by a fellow officer, Corporal Kelly, the breathalyzer operator, that the equipment was faulty. This evidence was not disputed. Indeed, at the hearing, the defendant confirmed that the breathalyzer and the breath test "didn't work." (R. 11, 12.)

When informed by Corporal Kelly that the equipment was faulty, Officer Kennedy had to decide on the basis of the circumstances then existing whether he should order the defendant to submit to a blood test. Those circumstances were ($l$) probable cause for the initial stop, (2) the credibility of Corporal Kelly, and (3) the absence of any evidence that the failure of the breath test was due to any reason except faulty equipment. The trial judge decided under the circumstances that the arresting officer acted reasonably. The trial judge also found that Corporal Kelly's statement to Officer Kennedy that the breathalyzer was not working was admissible to prove Officer Kennedy's state of mind at the time he was required to decide whether to request the blood test, and, hence, was not hearsay when offered for that purpose.

I would affirm the decision of the trial judge.