**Joon Ho YOON**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1998.

Decided Sept. 24, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before COLINS, President Judge, SMITH, J.,and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department ) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that sustained the appeal of Joon Ho Yoon (Licensee) from the one-year suspension of his

operating privileges imposed for failure to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547(b)(1).[1] We affirm.

By official notice dated July 2, 1997, the Department notified Licensee that, as a result of his refusal to submit to chemical testing on March 28, 1997, his operating privileges were suspended for one year. Licensee filed a statutory appeal from that one-year suspension with the trial court.

At the hearing before the trial court, the Department presented testimony from Ryan Karr and Howard McQuillan, police officers of the City of Pittsburgh police department. Officer Karr testified that on March 28, 1997, he observed Licensee's vehicle travelling at a high rate of speed in the wrong lane of traffic. Officer Karr testified that after he stopped the vehicle, he noticed a strong odor of alcohol and that Licensee's eyes were glassy. Licensee was requested to perform a field sobriety test which he failed. Officer Karr placed Licensee under arrest for driving under the influence of alcohol. Officer Karr informed Licensee that he would be transported to the traffic division so that a breathalyzer test could be administered.

Officer McQuillan testified that he is certified to administer breath tests to individuals suspected of driving under the influence of alcohol, and that on March 28, 1997 he was asked to administer a breathalyzer test to Licensee. Officer McQuillan further testified that he instructed Licensee on how to properly perform the breath test. He then gave Licensee a form (Department for DL–26) containing the implied consent law[2] and asked him to read it. Officer McQuillan testified that Licensee read the form to himself and the police officer wrote "Actor read this form" on the form. Officer McQuillan testified that Licensee agreed to take the test but did not follow the instructions that were given to him. Officer McQuillan testified that Licensee stopped blowing air into the tube before he was told to stop. The sample Licensee produced was not sufficient for the breathalyzer to accurately determine Licensee's blood alcohol content. Officer McQuillan testified that Licensee was asked to take a second test but he refused.

On December 5, 1997, the trial court issued an order sustaining Licensee's appeal. In its opinion in support of the order, the trial court stated:

> When before us, Defendant credibly testified that he was never fully apprised of the consequences of refusal but merely provided with a form containing those consequences which he was expected to read and comprehend. The testimony of Officer McQuillan was consistent with this contention and convinced us that the procedure followed by the officer in this instance did not provide Defendant with adequate warning of the consequences of refusal.

Opinion of the Trial Court, p. 2. Thus, the trial court found that the procedure employed by Officer McQuillan did not adequately inform Licensee of the consequences of a refusal. The Department now appeals to this Court.[3]

In order to support a license suspension based upon a licensee's refusal to submit

---

1. Section 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. Section 1547(a) of the Vehicle Code, 75 Pa.C.S. § 1547(a), provides, in pertinent part:

   (a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood . . . if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle. . . .

3. Our scope of review of a driver's license suspension is limited to a determination of whether the trial court committed an error of law or an abuse of discretion, or whether the trial court's findings of fact are supported by substantial evidence. *Marino v. Department of Transportation, Bureau of Driver Licensing,* 703 A.2d 1066 (Pa. Cmwlth.1997).

to chemical testing, the Department must establish that the licensee (1) was arrested for driving under the influence of alcohol; (2) was requested to submit to a chemical test of breath, blood or urine; (3) refused to submit to the requested chemical test; and (4) was informed that a refusal would result in a license suspension. *Light v. Department of Transportation, Bureau of Driver Licensing,* 692 A.2d 652 (Pa.Cmwlth.1997). Once the Department meets its burden, it is the licensee's responsibility to show that his or her refusal was not knowing or conscious or that he or she was physically unable to take the test. *Laurita v. Department of Transportation, Bureau of Driver Licensing,* 158 Pa. Cmwlth. 576, 632 A.2d 611 (Pa.Cmwlth.1993).

The Department contends that there is no provision in the implied consent law that requires a police officer to verbally inform a licensee of the consequences of a refusal to submit to chemical testing. The Department argues that Section 1547(b)(2) only requires that a police officer inform a licensee that his or her operating privileges will be suspended if he or she refuses to submit to chemical testing. The Department contends that Licensee was adequately informed when Officer McQuillan provided Licensee with the Department's DL–26 form.

The Department's argument that the procedure employed by Officer McQuillan adequately informed Licensee of the consequences of a refusal is belied by the provisions of the Department's own DL–26 form. The first section of that form is entitled "Section 1547—Chemical Testing Warnings." Below those warnings is the following certification: "I certify that *I have read the above warning to the motorist* regarding the suspension of their operating privilege and gave the motorist an opportunity to submit to chemical testing." (The Department's Brief, Appendix B, emphasis

4. Despite Officer McQuillan's testimony that he never read the form to Licensee, he signed the form certifying that he had read the form to Licensee.

5. The Department relies on *Department of Transportation, Bureau of Driver Licensing v. Boucher,* 547 Pa. 440, 691 A.2d 450 (1997), for the proposition that a licensee's failure to receive an adequate warning did not excuse the licensee's fail-

added.) [4] The Department thus tacitly acknowledges its responsibility to verbally inform a licensee of the consequences of refusing to submit to chemical testing.

■ In view of the Department's clear burden of proving that it informed a licensee of the consequences of a refusal to submit to chemical testing and the lengthy suspension imposed on a licensee who refuses to consent, it is not an unreasonable burden to require a police officer to verbally inform a licensee of the consequences of a refusal.[5] We agree with the trial court conclusion that Licensee was not adequately informed of the consequences of a refusal when the police officer merely provided Licensee with a form rather than reading the warnings to him.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 24th day of September, 1998, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

ure to provide adequate breath samples for a breath test after verbally assenting to that test. That case is not on point. In *Boucher,* the issue was whether the licensee had met his burden of proving that his refusal to submit to chemical testing was not knowing and conscious. The issue in the case before us is whether Licensee was adequately informed of the consequences of a refusal.