606 A.2d 583

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Colette Marie WALSH, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 1991.

Decided March 18, 1992.

462

Marc A. Werlinsky, Asst. Counsel, and Harold H. Cramer, Asst. Chief Counsel, for appellant.

John M. Hickey, for appellee.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Delaware County sustaining the appeal of Colette Marie Walsh (Walsh) from a one-year suspension of her operating privileges for refusal to submit to chemical testing pursuant to Section 1547 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1547.

On March 30, 1990, at approximately 7:00 p.m., Officer Joachim Oreskovich of the Lansdowne Borough Police Department responded to an accident in which the vehicle Walsh was driving was rear-ended by another vehicle. While speaking to Walsh, Officer Oreskovich noticed signs of alcohol intoxication including an odor of alcohol, slurred speech and dilated pupils. Walsh was bleeding from a laceration to her left hand and had some blood in her mouth. Walsh's car was knocked over approximately eighty-five to one hundred feet by the collision and was "totalled." Officer Oreskovich placed Walsh under arrest for driving under the influence of alcohol and advised her that he would request her to submit to a blood test at the hospital. Walsh stated that she would not allow blood to be drawn. Walsh was then taken to the hospital where after receiving the implied consent warning, she refused to submit to a blood test. By official notice dated and mailed April 17, 1990, Walsh was informed that her operating privileges were to be suspended for one year.

At the hearing before the trial court, Walsh testified that just before the accident, she had pizza and one can of beer

at her apartment; that her only recollection of the accident was "a big bang" and "being in a daze and out in the street"; that she did not recall talking to officer Oreskovich or refusing to submit to a blood test; that her first post-accident recollection was her boyfriend coming over to her apartment the next day; that as a result of the accident she sustained multiple injuries to her neck, hand, feet and leg; and that her head hurt. N.T., pp. 25–28, 35–38.

Walsh presented the testimony of her treating physician, Dr. Robert Linn, D.O., whose practice is concentrated in physiatrics and nutrition. Walsh saw Dr. Linn on July 31, 1990 for evaluation and management of her post-accident complaints. Dr. Linn rendered his opinion on Walsh's ability to make a knowing and conscious refusal to submit to chemical testing based upon his examination of Walsh and review of her medical history and a letter from another doctor who treated Walsh for intermittent headaches and an equilibrium problem. Dr. Linn testified:

> Colette Walsh, by diagnosis, had a post-concussion syndrome. Also concussion by history. Plus the fact prior to the time that she was involved in the accident, she was on a drug Prosac, which is an antidepressant. And at the time of the accident, she struck her head on a stationary object. Hence, she had the residual symptoms of a concussion and a post-concussion syndrome. In this situation, the usual symptoms are memory—a deprivation of memory to one degree or another. They are very—they have headache, they are disoriented, sometimes even to a degree hallucinate. But they do not have a reference to time and place in most cases. They will remember a day, two days, or three days after the fact. But they have a memory impairment, and they're not able to deal with language the way they would normally deal with language. Nor are they able to make conscious, correct decisions, because of their inability to communicate correctly.

N.T., pp. 54–55. Dr. Linn further testified:

> Q. I noticed, Doctor, in your history, that you indicated that Colette was—had sustained head injuries, she

was bleeding from the mouth. And she was taken to the hospital. And despite that trauma, she refused treatment at the hospital. Is that kind of refusal consistent with the symptomatology of a post-concussion syndrome, or a concussion syndrome?

A. No, and it's not unusual.

Q. Would you explain?

A. There is—we get into—patients such as this are irritable, they're anxious. They don't know what's best for them. And they just don't want to get involved in a lot of these testing procedures. They're quite anxious and irritable. And they're not making correct decisions at the time. We understand that from a logical point of view. But they don't understand that the way they're looking at the situation.

*Id.* at 55. The trial court found the testimony of Walsh and Dr. Linn credible and concluded that Walsh met her burden of proof to establish that she was incapable of making a knowing and conscious refusal to submit to a blood test. The sole issue raised by DOT on appeal is whether the trial court's finding is supported by substantial evidence.[1]

This Court's scope of review of a trial court's decision in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Cartwright v. Commonwealth*, 138 Pa.Commonwealth Ct. 325, 587 A.2d 909, *appeal denied*, 528 Pa. 645, 600 A.2d 196 (1991). There is no dispute in this case that

---

1. Dr. Linn testified that Walsh's consumption of one can of beer just before the accident would not have had any effect on her behavior or conduct on the night of the accident. There was no other evidence presented, and the trial court did not find, that Walsh's voluntary consumption of alcohol was a factor which contributed to her inability to make a knowing and conscious refusal. *See Department of Transportation, Bureau of Driver Licensing v. Monsay*, 142 Pa.Commonwealth Ct. 163, 596 A.2d 1269 (1991) (if a voluntary consumption of alcohol is a factor which contributed to rendering a licensee mentally incapable of making a knowing and conscious refusal, the defense must fail).

DOT met its burden of proof to establish the requisite elements.[2] Therefore, the burden shifted to Walsh to prove that she was not capable of making a knowing and conscious refusal to submit to chemical testing. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989); *Department of Transportation, Bureau of Driver Licensing v. Monsay,* 142 Pa.Commonwealth Ct. 163, 596 A.2d 1269 (1991). Where a licensee has sustained injuries but does not suffer from an obvious inability to comply with the request to be tested, competent medical testimony is required to prove that a knowing and conscious refusal could not be made. *Department of Transportation, Bureau of Driver Licensing v. Derhammer,* 118 Pa.Commonwealth Ct. 364, 544 A.2d 1132 (1988). Whether the licensee has satisfied this burden is a factual determination to be made by the trial court. *O'Connell.*

DOT contends that Walsh did not meet her burden of proof because Dr. Linn's testimony was inherently unreliable and based upon an unfounded assumption of fact that Walsh sustained a concussion from her head striking the steering wheel or some other stationary object in the car. DOT argues that because Walsh testified that she had no recollection of the accident, Dr. Linn's opinion is legally insufficient to establish Walsh's inability to make a knowing and conscious refusal.

A review of the record demonstrates, however, that there was substantial evidence to support the trial court's finding that Walsh suffered a concussion. Although there was no direct evidence showing that Walsh's head hit the steering wheel, the trial court found credible Walsh's testimony that after the accident her head hurt; she was treated by Dr. DiCipio and Dr. Linn for headaches and a problem with her equilibrium; and that she had two seizures which never occurred before the accident. The trial court further found

---

**2.** DOT must first establish that the driver: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Cartwright.*

that the evidence tends to show that Walsh sustained a concussion by being thrown around inside her car by the collision.

Questions of credibility and conflicts in the evidence are for the trial court to resolve, not this Court. *O'Connell.* The trial court made a credibility determination after weighing all of the evidence, finding that Walsh suffered a concussion as a result of the accident. Therefore, Dr. Linn's opinion that Walsh was incapable of making a knowing and conscious refusal due to a post-concussion syndrome has sufficient factual basis in the record and constitutes competent medical testimony which supports the trial court's finding. This Court is precluded from overturning that finding. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 18th day of March, 1992, the order of the Court of Common Pleas of Delaware County is hereby affirmed.