## PennDOT v. Leaver

*Lee C. Silverman, assistant counsel,* for PennDOT. *Richard S. Wasserbly,* for defendant.

McANDREWS, *J.*, August 16, 1993—This matter is before this court upon petitioner's appeal of the Department of Transportation's official notice, dated March 8, 1993, suspending her driving privilege for one year. A hearing was held before this court on July 28, 1993. For the following reasons petitioner's appeal is denied.

On February 15, 1993, a police officer observed petitioner driving her car erratically and at a high rate of speed. At the hearing, the officer testified that when he stopped petitioner he detected an odor of alcohol and saw that her eyes were bloodshot. The officer asked her to perform four types of field coordination tests, at least three of which she failed to perform as instructed. The officer then arrested petitioner for driving under the influence of alcohol and took her to the hospital to obtain a blood alcohol test. As a result of events that transpired at the hospital, no blood was drawn from petitioner.

Petitioner's license was suspended pursuant to section 1547(b) of the Vehicle Code. This section states in pertinent part:

"(b) Suspension for refusal.—

"(1) if any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months." 75 Pa.C.S. §1547(b) (Purdon Supp. 1993).

In license suspension cases under this section, the Commonwealth must establish that the driver "(1) was arrested

for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension." *PennDOT v. Walsh,* 146 Pa. Commw. 461, 466 n. 2, 606 A.2d 583, 585 n. 2 (1992). *Accord PennDOT v. O'Connell,* 521 Pa. 242, 248-49, 555 A.2d 873, 876 (1989). If the Commonwealth establishes these elements the burden shifts to the petitioner to prove he or she was "not capable of making a knowing and conscious refusal to submit to chemical testing." *Walsh, supra* at 466, 606 A.2d at 585. There is no dispute that the Commonwealth established that petitioner was arrested for driving under the influence of alcohol and was requested to submit to a blood test. There are two matters at issue in this case: whether petitioner's actions at the hospital constituted a refusal to take the blood test within the meaning of section 1547(b), and whether petitioner received a warning that a refusal would result in a one-year suspension of her driving privilege. We will first address the question whether petitioner refused to submit to the blood test.

Petitioner testified that she agreed to take the test when asked to do so by the arresting officer. The officer testified that when petitioner was at the hospital and was asked to extend her arm so that blood could be drawn, she refused and kept her arm bent. The officer admitted on cross-examination that petitioner's sleeve was rolled up, a tourniquet was applied to her arm, and when the physician approached to draw blood, her arm was "partially extended." (N.T. p. 16, lines 10-13.) The officer also stated that while at the hospital, petitioner said "Take my blood." (N.T. p. 17, lines 1-2.) No blood was drawn from petitioner.

Petitioner contends that her actions at the hospital do not constitute a refusal to submit to the blood test. "[W]hether or not there has been a refusal ... is a factual, not a legal determination." *In re: Budd Appeal,* 65 Pa. Commw. 314, 318, 442 A.2d 404, 406 (1982). Pennsylvania courts have held that "anything substantially short of an unqualified, unequivocal assent to a police officer's request to submit to chemical testing" is a refusal. *Murray v. Commonwealth,* 143 Pa. Commw. 358, 362, 598 A.2d 1356, 1358 (1991). *Accord PennDOT v. Mumma,* 79 Pa. Commw. 108, 111, 468 A.2d 891, 892 (1983). Further, section 1547 requires "that the licensee not only submit to or take the test, but also that he complete it." *Murray, supra* at 362, 598 A.2d at 1358.

In *In re: Budd Appeal, supra,* a motorist agreed to take a breathalyzer test but repeatedly failed to follow the officer's instructions and so provided deficient samples. The court held that the petitioner's actions constituted a refusal to take the test within the meaning of section 1547. The court found "that although appellant never verbally refused to submit to the breathalyzer test, he did not make an 'honest effort' to take the test." *Id.* at 318, 442 A.2d at 406. We believe the same result is compelled by the facts of the instant case. Petitioner never verbally refused to submit to the blood test, but by declining to fully extend her arm for the attending physician she prevented blood from being drawn. Petitioner's acts were substantially short of an unequivocal assent to the officer's request, and although the procedure for drawing blood was initiated, she obviously failed to complete the test. We find that petitioner did not make an honest effort

to take the test. Therefore, we conclude that petitioner's actions at the hospital constituted a refusal.

Petitioner also contends that she was not given a warning that a refusal to submit to the blood test would result in a one-year suspension of her driving privilege. Section 1547(b)(2) imposes a duty on a police officer "to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 Pa.C.S. §1547(b)(2) (Purdon Supp. 1993). The officer testified that while en route to the hospital he explained to petitioner the implied consent law contained in section 1547(a),[1] and told her that the consequences for refusing to submit to the blood test "would be a one-year suspension of her license." (N.T. p. 5, line 10.) Petitioner testified that she never received a warning. We accept the police officer's testimony as credible, and find that petitioner did receive a warning that her refusal would result in a one-year suspension.

The Commonwealth has met its burden of establishing the necessary elements for license suspension under section 1547(b). Therefore, we deny petitioner's appeal and sustain the order suspending petitioner's driving privilege.

ORDER

And now, August 16, 1993, petitioner Julie A. Leaver's appeal is denied, and the suspension of her operator's privilege is reinstated.

---

1. Section 1547(a) provides that the driver of a car is deemed to have consented to one or more chemical tests of breath, blood or urine. 75 Pa.C.S. §1547(a) (Purdon Supp. 1993).