Anthony J. MARINARO

v.

**COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 17, 1997.

Decided Dec. 12, 1997.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

George Twardy, Jr., Philadelphia, for appellee.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Delaware County (trial court) that sustained the one-year license suspension appeal of Licensee Anthony J. Marinaro. DOT imposed the suspension pursuant to Section 1547 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547, as a result of Licensee's refusal to submit to chemical testing. DOT questions whether the trial court's finding that Licensee was physically incapable of successfully performing a breath test due to an anxiety attack is supported by competent and unequivocal medical evidence.

The trial court found that on September 17, 1993, Officer Thomas Fraser of the Philadelphia Police Department stopped Licensee's vehicle for speeding on Interstate 95. Because Licensee admitted that he had consumed alcohol prior to operating his vehicle, Officer Fraser arrested him. Officer Richard Lewis, the certified breathalyzer operator, advised Licensee of his rights under the implied consent law.[1] Licensee signed the consent form and agreed to take a breath test. Although required to provide two breath samples, Licensee was only able to provide one breath sample. On cross-examination, Officer Lewis admitted that Licensee

had complained of stomach problems and pain.

Licensee testified that he suffered from gastritis and that he has taken prescription medication for the condition. Additionally, Licensee testified that the condition worsens under stress. Licensee stated that when he was asked to perform the chemical breath test, he experienced stomach pain that interfered with his ability to take the test and that he advised Officer Lewis of his pain and difficulty in breathing. Licensee testified that he was upset because he was taken to two police stations before he was requested to submit to testing, that his wife was nine months pregnant and that he had just begun a new job.

Licensee presented the videotape deposition testimony of Dr. Maurice Singer, a family medicine practitioner. Dr. Singer testified that Licensee suffered from manifested signs of hyperventilation, an anxiety-produced stress reaction. Dr. Singer testified that whenever Licensee experienced short, rapid breaths he was not getting a "true exchange of oxygen-carbon dioxide in his lungs." Dr. Singer Deposition, p. 23. The short breaths provided by Licensee were insufficient to perform the deep normal breathing described by Officer Lewis. Moreover, Dr. Singer testified that Licensee did not breath normally whenever his condition flared up, that this condition exhibited itself on the night of Licensee's arrest, that Licensee did not have control over his condition and that his consumption of alcohol was not a factor in hindering his ability to perform the test. The trial court sustained Licensee's appeal, and DOT appealed.[2]

In a license suspension proceeding, DOT bears the burden of proof. *Department of Transportation, Bureau of Driver Licensing v. Walsh,* 146 Pa.Cmwlth. 461, 606 A.2d 583 (1992). In *Walsh* the Court held

---

1. *See Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989) (an arresting officer has the duty to clarify to the licensee that his or her right to counsel and the right to remain silent contained in the *Miranda* warning do not apply to an officer's request to a licensee to submit to chemical testing).

2. This Court's scope of review of the trial court's order is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Walsh,* 146 Pa.Cmwlth. 461, 606 A.2d 583 (1992).

that to support a license suspension based upon a licensee's refusal to submit to chemical testing, DOT must establish that the licensee (1) was arrested for driving under the influence of alcohol; (2) was requested to submit to a chemical test of breath, blood or urine; (3) refused to submit to the requested chemical test; and (4) was informed that a refusal would result in a license suspension.

■ Once DOT meets its burden of proof, the burden then shifts to the licensee to prove that he or she was unable to make a knowing or conscious refusal to submit to testing. *Department of Transportation, Bureau of Driver Licensing v. Wilhelm,* 156 Pa.Cmwlth. 24, 626 A.2d 660 (1993); *Department of Transportation, Bureau of Driver Licensing v. Holsten,* 150 Pa.Cmwlth. 1, 615 A.2d 113 (1992). Where the licensee's inability to perform a chemical test is not obvious, the licensee must inform the test administrator of any medical condition that prevents the licensee from performing the test, and competent medical evidence is required to support a finding that the licensee was unable to perform the test for medical reasons. *Wilhelm.* DOT contends that the trial court's finding that Licensee was medically unable to complete the chemical breath test is not supported by competent, unequivocal medical evidence.

In *Wilhelm* the licensee appealed the suspension of his license to this Court, contending that his medical doctor had provided credible testimony indicative of a pulmonary obstruction that interfered with the licensee's ability to perform the chemical test. In that case, the doctor testified that the licensee's condition "could" have prevented him from properly performing the test, and he lacked any knowledge about the force of air required to blow into the breathalyzer machine or any other manifestations of the machine's operation. This Court upheld the trial court's finding that the doctor's testimony was equivocal and therefore insufficient to support a finding that the licensee was physically incapable of performing the requested test.

■ Dr. Singer testified on cross-examination that Licensee suffered from symptoms of epigastric discomfort which included ab-

dominal pain, excess secretion of acidic substances, chest pain and shortness of breath at the time he was requested to submit to chemical testing. The doctor testified that all of these conditions were manifestations of Licensee's medical condition of hyperventilation, a stress-induced condition. Unlike the testimony in *Wilhelm,* Dr. Singer's testimony was unequivocal, and it established the requisite nexus between Licensee's medical condition and his inability to complete the required testing.

■ Questions of credibility and the reconciliation of conflicting testimony are within the domain of the trial court. Because the trial court is in the sole position to observe witnesses and to judge their credibility, the trial court's findings will not be disturbed on appeal if they are supported by substantial evidence of record. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). Here, the trial court's findings that DOT and Licensee sustained their respective burdens of proof are supported by competent and substantial evidence in the record. The trial court specifically noted that Officer Lewis may have deliberately withheld testimony about Licensee's condition during the officer's direct examination.

DOT also argues that Dr. Singer's lack of knowledge with respect to the requirements of the breath testing machine, whether an Intoxilyzer 5000 or 3000, disqualifies him from rendering a competent and reliable opinion. Dr. Singer was not thoroughly familiar with the functioning of the breathalyzer machine in question, and he was unable to describe the legal distinctions between the two types of equipment or what amount of breathing was required to produce a specific cubic centimeter reading of air for each machine. However, he testified regarding a conversation with a representative of the manufacturer of the Intoxilyzer 3000, but the trial court sustained DOT's hearsay objection to this testimony. The trial court concluded that the testimony was irrelevant, in any event, because the doctor understood and the testimony of Office Lewis showed that Licensee had to complete two breath samples with-

in a short period of time and that he was unable to do so because of his medical condition.

The Court concludes that the trial court did not err in finding that Dr. Singer provided competent and unequivocal testimony. His testimony supports the trial court's finding that Licensee suffered from a hyperventilation anxiety attack that could not be brought under control and which prevented Licensee from performing the breath test. Because Licensee overcame his burden of proof, the trial court's order sustaining Licensee's appeal is affirmed.

## ORDER

AND NOW, this 12th day of December, 1997, the order of the Common Pleas Court of Delaware County is affirmed.

SILVESTRI, Senior Judge, dissents.

The decision in this case was reached before the death of SILVESTRI, Senior Judge.