Anna M. SCHLATA

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 1999.

Decided Jan. 20, 2000.

---

Elaine N. Blass and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

David S. Shrager, Pittsburgh, for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common pleas of Allegheny County (trial court) which sustained the statutory appeal of Anna M. Schlata (Schlata) from a one-year suspension of her operating privileges imposed by the Department pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1), for her refusal to submit to chemical testing. We affirm.

On May 7, 1998, the Department informed Schlata that her operating privileges would be suspended for one year because of her refusal to submit to chemical testing on April 25, 1998. Schlata appealed the suspension to the trial court which conducted a de novo hearing. At the hearing, Officer Milan testified that on April 25, 1998, he responded to an automobile accident involving Schlata. Officer Milan observed an odor of alcohol on her breath and transported her to the police station for a breath test.

According to Officer Milan, at the station, Schlata agreed to submit to a breathalyzer test and although she expanded her cheeks, she failed to blow air into the machine. The officer observed that while Schlata was attempting to blow into the machine, Schlata started to cough. He also observed that Schlata was having trouble blowing into the machine. After three unsuccessful attempts to blow air into the machine, the breathalyzer emitted a report stating that an insufficient air sample was given. Thereafter, according to Officer Milan, he asked Schlata to take a blood test at the hospital but after taking a moment to think about it, Schlata "agreed to take the breathalyzer a second time if we would allow her to do that." (R.R. at 17a.) Officer Milan permitted Schlata to take a second test. However,

Schlata again failed to supply a sufficient air sample and a refusal was recorded.

Schlata testified that she had an upper respiratory infection and that every time she started to take a deep breathy she started to cough. According to Schlata, she informed Officer Milan of her upper respiratory infection. (R.R. at 25a, 26a). Schlata also introduced the medical testimony of her treating physician, Dr. Thomas Neilson. Dr. Neilson testified that he saw Schlata on March 9, 1998 and March 16, 1998. He thought that Schlata had an upper respiratory infection which would result in a coughing jag. Specifically, on the day he examined her "if she were to try to take a full breath and expel it, she probably, in forcing the air out of her airways, would get into some coughing." (R.R. at 30a, 31a.) He prescribed antibiotics to Schlata for 10 days.

The trial court credited the testimony of Schlata and Dr. Neilson that Schlata suffered from a respiratory condition which precluded her from properly performing the tests. As such, the trial court sustained her appeal and this appeal by the Department followed.

In this case there is no dispute that Schlata did not provide two consecutive breath samples as is required by 67 Pa.Code § 77.24(b)(1). The only issue is whether Schlata met her burden of proving that she was physically incapable of performing the test. When no obvious inability is apparent, the licensee must inform the person administering the test of any medical problem that is not reasonably ascertained. *Com., Department of Transportation v. Wilhelm*, 156 Pa.Cmwlth. 24, 626 A.2d 660 (1993). A determination that the licensee was unable to take the test for medical reasons must be supported by competent medical evidence. *Id.*

We note that the trial court is the finder of fact, and questions of credibility and conflicts in the evidence are for the trial court to resolve. *Com., Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). Here, Schlata testified before the trial court that she could not perform the test because she kept coughing and also testified that she informed Officer Milan that she had an upper respiratory infection. Such testimony, which the trial court found credible, satisfies Schlata's burden of having informed the officer of her medical problem.[1]

Next, we must determine whether Dr. Neilson competently testified that Schlata was unable to perform the test because of her respiratory illness. On direct examination, Dr. Neilson opined, within a reasonable degree of medical certainty, that while experiencing an upper respiratory infection "if she [Schlata] were to try to take a full breath and expel it, she probably, in forcing the air out of her airways would get into some coughing." (R.R. at 30a, 31a.) He further testified that "[i]f instructed to take a full breath and then completely empty her lungs, yes, I believe it would cause her to have difficulty in doing that." (R.R. at 31a.) We agree that the testimony of Dr. Neilson supports the determination that Schlata's respiratory infection prevented her from properly performing the breathalyzer test and we distinguish the case of *Wilhelm*, relied on by the Department.

In *Wilhelm*, the licensee maintained that he had a pulmonary disease which prevented him from properly performing the breathalyzer test. The licensee's medical expert testified that licensee's capability of performing the test would be markedly limited and also stated that the pulmonary disease could have markedly affected his

1. According to Officer Milan, when he questioned Schlata as to whether she had asthma, Schlata stated that she did not nor did she state that she had any other physical problems. Such testimony however is not detrimental to Schlata's case as the trial court did not credit the testimony of Officer Milan but credited the testimony of Schlata who testified that she informed the officer of her upper respiratory infection.

ability to blow into the breathalyzer. This court stated that it is necessary in a license suspension case to produce unequivocal medical evidence to prove that the licensee's medical condition prevented him from performing the breathalyzer test. "Equivocal statements that a motorist's condition "could" have or "may" have prevented him from performing the breathalyzer test properly are insufficient to meet that requirement." *Wilhelm,* 626 A.2d at 663. Here, Dr. Neilson stated that Schlata's condition adversely affected her ability to perform the test, i.e. he opined that Schlata would experience coughing while expelling air from her lungs and would have difficulty performing the test. Dr. Neilson did not testify that an upper respiratory infection may or could affect Schlata's ability to perform the test but that it "would cause her to have difficulty in doing that [performing the test]." (R.R. at 31a.) Such is not equivocal testimony.

■ Department also submits that the fact that Dr. Neilson last saw Schlata 5 weeks before the breathalyzer and performed the physical exam 6 weeks before Schlata attempted the breathalyzer, renders Dr. Neilson's opinion too remote to be probative and suggests it was not competent. We disagree because the length of time from the date of examination to the date of the breathalyzer test goes to credibility not competency. Questions of credibility are for the trial court to resolve, not an appellate court. *Com., Department of Transportation v. Walsh,* 146 Pa.Cmwlth. 461, 606 A.2d 583 (1992) (court credited the testimony of a doctor who did not examine the licensee until 4 months after the auto accident and testified that the licensee suffered a concussion, resulting in memory loss and an inability to make decisions even though there was no direct evidence that the licensee had struck her head on the steering wheel or any other object.) Here, although Dr. Neilson did not examine Schlata on the day the breathalyzer was administered, Schlata testified that she was suffering from an upper res-

piratory infection on the day the breathalyzer was administered and such testimony was credited by the trial court. Dr. Neilson testified that such an infection, which he had previously diagnosed her as having, would result in Schlata having difficulty in emptying her lungs and cause her to cough.

Based on the above testimony, we conclude that substantial evidence supports the trial courts determination that Schlata was physically incapable of performing the breathalyzer. Accordingly, the order of the trial court is affirmed.

## *ORDER*

NOW, January 20, 2000, the order of the Court of Common Pleas of Allegheny County at S.A. 0412 of 1998, filed February 16, 1999 is affirmed.