**BUCKS COUNTY CHILDREN AND YOUTH SOCIAL SERVICES AGENCY, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 2009.

Decided July 23, 2009.

Brad M. Jackman, Doylestown, for petitioner.

Howard Ulan, Deputy Chief Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Bucks County Children and Youth Social Services Agency (CYS) petitions for review from an order of the Department of Public Welfare Bureau of Hearings and Appeals (BHA) which adopted the recommendation of the Administrative Law Judge (ALJ), sustained the appeal of C.G. and ordered the expungement of C.G.'s record from the Childline Registry. We affirm.

The ALJ's findings can be summarized as follows. A.G. is a female child, who was born on August 26, 1991. At the time of the incident in question, A.G. was fourteen years old. A.G. was living with her father, C.G., her mother and other family members in the family home located in Levittown, Pennsylvania. In the spring of 2006, C.G. purportedly forced A.G. to undress in front of him and to touch his penis while she was tickling him.

During the summer of 2006, all of A.G.'s family lived with the maternal grandparents near Jim Thorpe, Pennsylvania. As the family was preparing to return home to Levittown in August of 2006, A.G. told her grandmother of the incidents in the spring where C.G. had forced her to touch his penis while she was tickling him and that he had twice undressed her. A.G. then got into a car with her mother. C.G., the father, went in a separate car and all returned to Levittown. After arriving in Levittown, A.G. fled and was picked up by her grandparents. A.G. then remained in the custody of the grandparents and attended Jim Thorpe High School.

In November, 2006, while in counseling, A.G. reported the alleged abuse to the counselor. This resulted in a Childline report and an investigation by CYS.

Ms. Publick of CYS interviewed A.G. on November 12, 2006. A.G. told her that she had been tickling C.G. since she was five. A.G. explained that tickling included tickling, rubbing and massaging C.G. on his back, stomach, legs and inner thigh/groin area for as long as an hour at a time. A.G. would be responsible for removing certain items of C.G.'s clothing beforehand and he would be wearing only boxers or briefs during the incidents. A.G. also stated that there were two occasions in which C.G. removed all of her clothing.

Ms. Publick also interviewed C.G., who denied having inappropriate sexual contact with his daughter. Ms. Publick reported that she indicated the report, because A.G. was clear and consistent.

B.M., a friend of A.G., stated that A.G. told her that the incidents did occur. A month or two later, A.G. told B.M. that the incidents did not occur.

A.G.'s maternal grandmother testified that A.G. told her that C.G. made her touch his penis and had made her undress in front of him twice.

The mother of A.G. testified that A.G. told her that the story was untrue, immediately after the grandmother confronted them about it in August 2006, as they were preparing to return to live in Levittown.

Upon arriving home in Levittown, A.G. told her mother that the allegations were untrue.

A.G. also testified. She testified that no abuse occurred. A.G. credibly and consistently stated that she lied when she told her grandmother, the caseworkers, and the police that her father forced her to undress in front of him and to touch his penis while she was tickling him.

██ The ALJ credited the recantation testimony of A.G. and stated:

This case is based solely on the hearsay statements of the subject child, A.G. to the CYS investigator, and to her grandmother.... However, the Administrative Law Judge cannot accept A.G.'s prior statements as sufficient, in light of a recantation, and the lack of any corroboration for those statements. [T]he original disclosure by A.G. to her maternal grandmother occurred only as A.G., who was then enrolled in school at Jim Thorpe, PA, was leaving with her parents to return to Levittown. (FF 21) A.G. who was fifteen (15) years of age had an eighteen (18) year old boyfriend at Jim Thorpe and did not wish to leave. (N.T. 147) Also, A.G. had stated to her close friend B.M. that she was allegedly abused but recanted her statement to B.M. "a month or two after". (N.T. 128) It appears to the ALJ highly unlikely that a victimized child, who confides the abuse to her close girl friend, would then falsely recant the abuse to the same girl friend.

(ALJ's adjudication at 11, 12.) The ALJ recommended that C.G.'s appeal be sustained and that C.G.'s record be expunged. On appeal, the BHA adopted the recommendation of the ALJ in its entirety. This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the findings of fact are supported by substantial evidence. *B.E. v.* *Department of Public Welfare,* 654 A.2d 290 (1995).

On appeal, CYS argues that it was error to credit the recantation of A.G. and ignore the testimony of other witnesses.

██ We initially observe that CYS has the burden of establishing by substantial evidence that an indicated report of child abuse is accurate. *Bucks County Children and Youth Social Services Agency v. Department of Public Welfare,* 808 A.2d 990, 993 (Pa.Cmwlth.2002). If CYS fails to sustain its burden, the request for expungement will be granted. *Id.*

██ When the fact finder has determined the weight and the credibility of evidence, this court will not disturb such determinations on review. *S.T. v. Department of Public Welfare, Lackawanna County Office, Children, Youth & Family Services,* 681 A.2d 853, 856 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied,* 547 Pa. 747, 690 A.2d 1165 (1997).

In this case, the ALJ, in his recommendation, which recommendation the BHA adopted, determined that the testimony of A.G. wherein she recanted her previous accusations, was credible. As stated by CYS, A.G. was either lying when she reported the alleged abuse or, she was lying when she recanted the allegations. Although CYS argues that A.G. was lying when she recanted the allegations, the ALJ and BHA determined otherwise. This court is bound by such determination.

Having credited the testimony of A.G., only the hearsay testimony of Ms. Publick, the grandmother and B.M. remained. Hearsay evidence, even if admissible and not objected to, does not alone constitute substantial evidence. *A.Y. v. Department of Public Welfare,* 537 Pa. 116, 641 A.2d 1148 (1994).

In accordance with the above, the order of the BHA is affirmed.

## ORDER

Now, July 23, 2009, the order of the Department of Public Welfare Bureau of Hearings and Appeals, in the above-captioned matter, is affirmed.